# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------X
MARGARITA CASTILLO,

                        Plaintiff,          INDEX NO:

-against-

                                            SUMMONS

BJ'S WHOLESALE CLUB; BJ'S WHOLSALE CLUB, INC; BJ'S WHOLESALE CLUB HOLDINGS, INC; GATEWAY CENTER PROPERTIES I, LLC; THE RELATED COMPANIES, LP; and THE RELATED COMPANIES, INC.,

                        Defendants,
-------------------------------------------------------------------------X

        Plaintiff designates QUEENS COUNTY as the place of trial.
        The basis of venue is the place of residence of Plaintiff.
        Plaintiff resides at 106-56 160th Street, Jamaica, New York.

        To the above named Defendants
        YOU ARE HEREBY SUMMONED to answer the complaint of this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within TWENTY (20) DAYS after the service of this summons, exclusive of the day of service (or within THIRTY (30) DAYS after the service is complete if this summons is not personally delivered to you within the State of New York): and in case of your failure to appear or answer, judgment will be taken against you by default for the relief request in the complaint.

Dated: September 17, 2020

Defendants' Address:
BJ'S WHOLESALE CLUB
339 Gateway Drive
Brooklyn, New York 11239

BJ'S WHOLESALE CLUB, INC.
339 Gateway Drive
Brooklyn, New York 11239

THE RELATED COMPANIES LP
60 Columbus Circle
New York, NY, 10023-5802

BJ'S WHOLESALE HOLDINGS, INC.
339 Gateway Drive
Brooklyn, New York 11239

GATEWAY CENTER PROPERTIES I, LLC
60 Columbus Circle
New York, New York 10023

THE RELATED COMPANIES INC
60 Columbus Cir
New York, NY, 10023-5802

                                        G. WESLEY SIMPSON, P.C.
                                        1016 Ralph Avenue, 1st Floor
                                        Brooklyn, New York 11236
                                        (718) 345 8213

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------X
MARGARITA CASTILLO,

                         Plaintiff,              VERIFIED
                                                    COMPLAINT

-against-

                                        INDEX NO:

BJ'S WHOLESALE CLUB; BJ'S WHOLSALE CLUB, INC; BJ'S WHOLESALE CLUB HOLDINGS, INC; GATEWAY CENTER PROPERTIES I, LLC; THE RELATED COMPANIES, LP; and THE RELATED COMPANIES, INC.

                        Defendants,
-------------------------------------------------------------------------X

       Plaintiff, by her attorney, G. WESLEY SIMPSON, P.C., complaining of the defendants alleges as follows:

       1.     That at all times hereinafter mentioned, the plaintiff, MARGARITA CASTILLO is a resident of the County of Queens, City and State of New York.

       2.     That at all times hereinafter mentioned, the defendant, BJ'S WHOLESALE CLUB, is a domestic legal entity existing subject and pursuant to the laws of the State of New York.

       3.     That at all times hereinafter mentioned, the defendant, BJ'S WHOLESALE CLUB, is a foreign legal entity doing business in the City and State of New York.

       4.     That at all times hereinafter mentioned, the defendant, BJ'S WHOLESALE CLUB, does business in the State of New York subject and pursuant to the Laws of the City and State of New York.

5. That at all times hereinafter mentioned, the defendant, BJ'S WHOLESALE CLUB, owns the premises known as and located at 339 Gateway Drive, Brooklyn, New York 11239.

6. That at all times hereinafter mentioned, the defendant, BJ'S WHOLESALE CLUB, is an owner of the premises known as and located at 339 Gateway Drive, Brooklyn, New York 11239.

7. That at all times hereinafter mentioned, the defendant, BJ'S WHOLESALE CLUB, does business at the premises known as and located at 339 Gateway Drive, Brooklyn, New York 11239.

8. That at all times hereinafter mentioned, the defendant, BJ'S WHOLSALE CLUB, INC, is a domestic corporation existing subject and pursuant to the laws of the State of New York.

9. That at all times hereinafter mentioned, the defendant, BJ'S WHOLSALE CLUB, INC, is a foreign corporation doing business in the City and State of New York.

10. That at all times hereinafter mentioned, the defendant, BJ'S WHOLSALE CLUB, INC, does business in the State of New York subject and pursuant to the Laws of the City and State of New York.

11. That at all times hereinafter mentioned, the defendant, BJ'S WHOLSALE CLUB, INC, owns the premises known as and located at 339 Gateway Drive, Brooklyn, New York 11239.

12. That at all times hereinafter mentioned, the defendant, BJ'S WHOLSALE CLUB, INC, is an owner of the premises known as and located at 339 Gateway Drive, Brooklyn, New York 11239.

13. That at all times hereinafter mentioned, the defendant, BJ'S WHOLSALE CLUB, INC, does business at the premises known as and located at 339 Gateway Drive, Brooklyn, New York 11239.

14. That at all times hereinafter mentioned, the defendant, BJ'S WHOLESALE CLUB HOLDINGS, INC, is a domestic corporation existing subject and pursuant to the laws of the State of New York.

15. That at all times hereinafter mentioned, the defendant, BJ'S WHOLESALE CLUB HOLDINGS, INC, is a foreign corporation doing business in the City and State of New York.

16. That at all times hereinafter mentioned, the defendant BJ'S WHOLESALE CLUB HOLDINGS, INC, does business in the State of New York subject and pursuant to the Laws of the City and State of New York.

17. That at all times hereinafter mentioned, the defendant, BJ'S WHOLESALE CLUB HOLDINGS, INC, owns the premises known as and located at 339 Gateway Drive, Brooklyn, New York 11239.

18. That at all times hereinafter mentioned, the defendant, BJ'S WHOLESALE CLUB HOLDINGS, INC, is an owner of the premises known as and located at 339 Gateway Drive, Brooklyn, New York 11239.

19. That at all times hereinafter mentioned, the defendant, BJ'S WHOLESALE CLUB HOLDINGS, INC, does business at the premises known as and located at 339 Gateway Drive, Brooklyn, New York 11239.

20. That at all times hereinafter mentioned, the defendant, GATEWAY CENTER PROPERTIES I, LLC., is a domestic corporation doing business in the City

and State of New York; subject and pursuant to the laws of the said City and State.

21. That at all times hereinafter mentioned, the defendant, GATEWAY CENTER PROPERTIES I, LLC, is a foreign corporation doing business in the City and State of New York.

22. That at all times hereinafter mentioned, the defendant, GATEWAY CENTER PROPERTIES I, LLC, does business in the State of New York subject and pursuant to the Laws of the State of New York.

23. That at all times hereinafter mentioned, the defendant, GATEWAY CENTER PROPERTIES I, LLC, owns the premises known as and located at 339 Gateway Drive, Brooklyn, New York 11239.

24. That at all times hereinafter mentioned, the defendant, GATEWAY CENTER PROPERTIES I, LLC, is an owner of the premises known as and located at 339 Gateway Drive, Brooklyn, New York 11239.

25. That at all times hereinafter mentioned, the defendant, GATEWAY CENTER PROPERTIES I, LLC, owns the BJ'S WHOLESALE CLUB located at 339 Gateway Drive, Brooklyn, New York 11239.

26. That at all times hereinafter mentioned, the defendant, GATEWAY CENTER PROPERTIES I, LLC, is an owner of the BJ'S WHOLESALE CLUB located at 339 Gateway Drive, Brooklyn, New York 11239.

27. That at all times hereinafter mentioned, the defendant, THE RELATED COMPANIES, LP is a domestic corporation doing business in the City and State of New York; subject and pursuant to the laws of the said City and State.

28. That at all times hereinafter mentioned, the defendant, THE RELATED COMPANIES, LP is a foreign corporation doing business in the City and State of New York.

29. That at all times hereinafter mentioned, the defendant THE RELATED COMPANIES, LP does business in the State of New York subject and pursuant to the Laws of the State of New York.

30. That at all times hereinafter mentioned, the defendant, THE RELATED COMPANIES, LP owns the premises known as and located at 339 Gateway Drive, Brooklyn, New York 11239.

31. That at all times hereinafter mentioned, the defendant, THE RELATED COMPANIES, LP is an owner of the premises known as and located at 339 Gateway Drive, Brooklyn, New York 11239.

32. That at all times hereinafter mentioned, the defendant, THE RELATED COMPANIES, LP owns the BJ'S WHOLESALE CLUB located at 339 Gateway Drive, Brooklyn, New York 11239.

33. That at all times hereinafter mentioned, the defendant, THE RELATED COMPANIES, LP is an owner of the BJ'S WHOLESALE CLUB located at 339 Gateway Drive, Brooklyn, New York 11239.

34. That at all times hereinafter mentioned, the defendant, THE RELATED COMPANIES, INC is a domestic corporation doing business in the City and State of New York; subject and pursuant to the laws of the said City and State.

35. That at all times hereinafter mentioned, the defendant, THE RELATED

COMPANIES, INC is a foreign corporation doing business in the City and State of New York

36. That at all times hereinafter mentioned, the defendant, THE RELATED COMPANIES, INC does business in the State of New York subject and pursuant to the Laws of the State of New York.

37. That at all times hereinafter mentioned, the defendant, THE RELATED COMPANIES, INC owns the premises known as and located at 339 Gateway Drive, Brooklyn, New York 11239.

38. That at all times hereinafter mentioned, the defendant, THE RELATED COMPANIES, INC is an owner of the premises known as and located at 339 Gateway Drive, Brooklyn, New York 11239.

39. That at all times hereinafter mentioned, the defendant, THE RELATED COMPANIES, INC owns the BJ'S WHOLESALE CLUB located at 339 Gateway Drive, Brooklyn, New York 11239.

40. That at all times hereinafter mentioned, the defendant, THE RELATED COMPANIES, INC is an owner of the BJ'S WHOLESALE CLUB located at 339 Gateway Drive, Brooklyn, New York 11239.

41. That at all times hereinafter mentioned, the defendants were and still are the owner of the premises known as and located at 339 Gateway Drive, Brooklyn, New York 11239.

42. That at all times hereinafter mentioned, the defendants were and still are the landlords of the premises known as and located at 339 Gateway Drive, New York 11239.

43. That at all times hereinafter mentioned, the defendants were and still are the lessee of the premises known as and located at 339 Gateway Drive, Brooklyn, New York 11239.

44. That at all times hereinafter mentioned, the defendants were and still are the possessor of the premises known as and located at 339 Gateway Drive, Brooklyn, New York 11226.

45. That at all times hereinafter mentioned, defendants manage the premises known as and located at 339 Gateway Drive, Brooklyn, New York.

46. That at all times hereinafter mentioned, defendants supervise the premises known as and located at 339 Gateway Drive, Brooklyn, New York.

47. That at all times hereinafter mentioned, defendants repair the premises known as and located at 339 Gateway Drive, Brooklyn, New York.

48. That at all times hereinafter mentioned, defendants inspect the premises known as and located at 339 Gateway Drive, Brooklyn, New York.

49. That at all times hereinafter mentioned, defendants design and construct the premises known as and located at 339 Gateway Drive, Brooklyn, New York.

50. That at all times hereinafter mentioned, defendants control the premises known as and located at 339 Gateway Drive, Brooklyn, New York.

51. That at all times hereinafter mentioned, defendants maintain the premises known as and located at 339 Gateway Drive, Brooklyn, New York.

52. That at all times hereinafter mentioned, defendants are responsible for the management of the premises known as and located at 339 Gateway Drive, Brooklyn, New York.

53. That at all times hereinafter mentioned, defendants are responsible for the supervision of the premises known as and located at 339 Gateway Drive, Brooklyn, New York.

54. That at all times hereinafter mentioned, defendants are responsible for the repairs of the premises known as and located at 339 Gateway Drive, Brooklyn, New York.

55. That at all times hereinafter mentioned, defendants are responsible for the inspection of the premises known as and located at 339 Gateway Drive, Brooklyn, New York.

56. That at all times hereinafter mentioned, defendants are responsible for the construction of the premises known as and located at 339 Gateway Drive, Brooklyn, New York.

57. That at all times hereinafter mentioned, defendants are responsible for the control of the premises known as and located at 339 Gateway Drive, Brooklyn, New York.

58. That at all times hereinafter mentioned, defendants are responsible for the maintenance of the premises known as and located at 339 Gateway Drive, Brooklyn, New York.

59. That at all times hereinafter mentioned, defendants are responsible for the general upkeep of the premises known as and located at 339 Gateway Drive, Brooklyn, New York.

60. That at all times hereinafter mentioned, defendants are responsible for the design of the premises known as and located at 339 Gateway Drive, Brooklyn, New

York.

61. That on or about November 19, 2017, the plaintiff MARGARITA CASTILLO was a lawful customer in the premises of the defendants known as and located at 339 Gateway Drive, Brooklyn, New York.

62. That on November 19, 2017 at or about 4:00 p.m., the plaintiff while on said premises was caused to sustained injuries when she was caused to trip and fall as a result of a box on the floor and thereby seriously injuring herself.

63. That as a result of said defendants' failure, carelessness, recklessness and negligence, the plaintiff, MARGARITA CASTILLO was caused to suffer serious personal injuries.

64. That the defendants carelessly, recklessly and negligently failed to keep the store in a reasonable safe condition by allowing the box to become a danger and hazard to customers invited into defendants' business.

65. That the defendants carelessly, recklessly and negligently left the box left in the aisle with full knowledge it posed a danger to customers in general and plaintiff in particular.

66. That the defendants carelessly, recklessly and negligently failed to manage, control, supervise, inspect, maintain, design and construct their store so as to prevent the customers from tripping and falling as a consequence of a box left in the aisles.

67. That said premises was carelessly, recklessly and negligently maintained, inspected, controlled, cleaned, supervised and managed.

68. That the defendants failed to inspect said premises in general and the box

left on the floor in question in particular.

69. That defendants' inspection of said premises was inadequate.

70. That said accident was caused by the negligence of the defendants without any negligent on the part of the plaintiff contributing thereto.

71. That plaintiff's injuries resulted from the negligence of the defendants without any negligence on the part of the plaintiff contributing thereto.

72. That defendants failed to provide the plaintiff with a safe place to shop.

73. That the defendants carelessly, recklessly and negligently failed to control, supervise, maintain, manage, inspect and clean said premises in a reasonable prudent manner by allowing the box, on the floor in question, to cause plaintiff to trip and fall resulting in serious personal injuries.

74. That the defendants failed to timely maintain, manage, inspect, control, supervise and clean said premises in general and the aisle obstructed by the box in particular.

75. That the defendants carelessly, recklessly and negligently failed to hire sufficient employees to safely maintain the floor free of dangerous conditions.

76. That the defendants carelessly, recklessly and negligently failed to, manage, supervise, control, maintain, clean and inspect said premises, in general and the box on the floor in question in particular, in a workman like manner.

77. That the defendants knew that their employees were negligently cleaning the floor and maintaining the floor in question, but did nothing about it.

78. That the defendants caused and created of the dangerous condition but did nothing to rectified the situation, prior to plaintiff's accident and injuries.

79. That the defendants knew or should have known of the dangerous situation because it existed for such long period of time that defendants should have discovered the dangerous condition and remedy it prior to plaintiff's fall.

80. That said accident was caused by the negligence of the defendants without any negligent on the part of the plaintiff contributing thereto.

81. That the defendants were negligent in the ownership of said premises in general and aisle where plaintiff fell in particular.

82. That the defendants were negligent in the management of said premises in general and aisle where plaintiff fell in particular.

83. That the defendants were negligent in the control of said premises in general and aisle where plaintiff fell in particular.

84. That the defendants were negligent in the supervision of said premises in general and the box left on the floor in question in particular.

85. That the defendants were negligent in the maintenance of said premises in general and the box left on the floor in question in particular.

86. That the defendants were negligent in the inspection of said premises in general and aisle where plaintiff fell in particular.

87. That the defendants were negligent in the repairs of said premises in general and aisle where plaintiff fell in particular.

88. That the defendants were negligent in the cleaning and general upkeep of said premises in general and aisle where plaintiff fell in particular.

89. That defendants allow said premises to become a danger to the lives and limbs of those lawfully using said premises, and more particularly, the plaintiff herein.

90. That defendants were negligent, careless and reckless in allowing their said premises to become a trap to the lives and limbs of those lawfully using said premises, and more particularly, the plaintiff herein.

91. That the defendants were negligent, careless and reckless in failing to inspect said premises in general and aisle where plaintiff fell in particular.

92. That the defendants' inspections, management, control and supervision of said premises, including aisle where plaintiff fell was inadequate.

93. That the defendants failed to hire competent employees to manage, control, supervise, clean, inspect and maintain the premises in general and aisle where plaintiff fell in particular.

94. That the defendants were negligent, careless and reckless in failing to keep the aisle where plaintiff fell clear and clean of the box, left on the floor, to prevent customers from injuring themselves.

95. That the defendants were negligent, careless and reckless in failing to provide customers, in general, and plaintiff, in particular, with notice of the danger presented by the box on the floor used by customers.

96. That the defendants were negligent, careless and reckless in failing to maintain their premises in a manner that is safe for the customers invited into the store to shop.

97. That the defendants were negligent, careless and reckless in failing to warned those lawfully on the premises of the dangerous condition.

98. That the defendants negligently, carelessly and recklessly failed to rope off the area.

99. That the defendants negligently, carelessly and recklessly failed to cordon off the area.

100. That the defendants negligently, carelessly and recklessly failed to place barriers around the area.

101. That the defendants negligently, carelessly and recklessly failed to place warning sign alerting those lawfully on the premises of the danger.

102. That the defendants violated the statutes, codes, rules, regulations, ordinances and laws of the City and State of New York.

103. That the defendants were negligent under the circumstances then and there prevailing.

104. That the defendants failed to exercise the care of a reasonable prudent owner of a retail establishment under the circumstances then and there prevailing.

105. That defendants failed to exercise the care and prudence of a reasonable owner of real property.

106. That defendants caused and created the dangerous condition by leaving the box on the floor in the aisle, in question.

107. That defendants were reckless, careless and negligent under the circumstances of this matter.

108. That as a consequence of the foregoing the plaintiff was caused to experience and still experience pain and suffering.

109. That the plaintiff was caused to become and remains lame, sick, sore and disabled.

110. That the plaintiff was caused to suffer and still suffer mental and

emotional distress.

111. That the plaintiff was caused to and still expend money for medical treatment and care.

112. That plaintiff has been and still is unable to participate in her daily and usual activities.

113. That as a consequence of the foregoing, the plaintiff, MARGARITA CASTILLO, was damaged by defendants in a sum that exceeds the jurisdiction of the lower courts.

WHEREFORE, plaintiff demand judgment against the defendants, in a sum that exceeds the jurisdiction of the lower courts, together with the costs and disbursement of this action and for such other and further relief as the Court may deem just and proper.

Dated: Brooklyn, New York
September 17, 2020

_____
G. WESLEY SIMPSON, ESQ.
G. WESLEY SIMPSON, P.C.
Attorney for Plaintiff
1016 Ralph Avenue, 1st Floor
Brooklyn, New York 11236
(718) 345 8213

STATE OF NEW YORK}
                 } SS:
COUNTY OF KINGS  }

## ATTORNEYS VERIFICATION

I, the undersigned, is an attorney admitted to practice in the State of New York, affirms the following to be true subject to the penalties of perjury:

That I am the attorney of record for the plaintiff MARGARITA CASTILLO in the within action. I have read the foregoing Summons and Verified Complaint and know the content thereof; the same is true to my own knowledge, except as to matters therein alleged to be upon information and belief and as to those matters, I believe them to be true.

This verification is made by me and not the plaintiff herein. The reason this verification is made by me and not the plaintiff is that the plaintiff reside outside the county where deponent maintains his office.

The grounds for my belief as to all matters not stated upon my own knowledge are as follows: These matters were made known to the undersigned directly from the plaintiff herein and from the document in plaintiff' file as maintained by my office.

Dated: Brooklyn, New York
       September 29, 2020

                                                    ---------------------------------
                                                    G. WESLEY SIMPSON, ESQ.

Index Number            Year 2020
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

MARGARITA CASTILLO,

           Plaintiff(s),

-against-

BJ'S WHOLESALE CLUB; BJ'S WHOLSALE CLUB, INC; BJ'S WHOLESALE CLUB HOLDINGS, INC; and GATEWAY CENTER PROPERTIES I, LLC,,

           Defendant(s).

SUMMONS AND VERIFIED COMPLAINT

G. WESLEY SIMPSON, P.C.
Attorney for plaintiff(s)
1016 Ralph Avenue
Brooklyn, New York 11236
Tel: (718) 345 8213
Fax: (718-345-3995

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney duly admitted to practice law in the State of New York, certifies that, upon information and belief based upon reasonable inquiry, the contents contained in the annexed document are not frivolous.

Dated:            ---------------------------------------------------
           G. WESLEY SIMPSON, P.C.

Service of the within            is hereby Admitted.
Dated:            -------------------------------------------------------
           Attorney(s) for

PLEASE TAKE NOTICE

Notice of     That the within is a (Certified) true copy of an Order entered in the office
Entry          of the clerk of the within named Court on the      day of

Notice of     that an Order of which the within is a true copy will be presented for
Settlement    settlement to the Hon.        one of the judges of the within named
             Court, at       on the    day of          , at 9:30 a.m.

G. WESLEY SIMPSON, P.C.
Attorney for plaintiff(s)
1016 Ralph Avenue
Brooklyn, New York 11236
(718) 345 8213